Ian A. Rambarran, Bar No. 227366
Michael W. Carruth, Bar No. 249263
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 444-7573/FAX (916) 444-7544
mcarruth@klinedinstlaw.com

Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC. AND
ASHFORD TRS SAPPHIRE II, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA JONES-ALLEN, GEORGE ALLEN,<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.; and DOES 1 to 20,<br><br>Defendants. | Case No.   4:17-CV-05184-KAW<br><br>**SECOND JOINT RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT**<br><br>**Scheduling Conference Date: March 13, 2018**<br>**Scheduling Conference Time: 1:30 p.m.**<br><br>Complaint Filed:  August 4, 2017<br>Trial Date:           None set<br><br>Magistrate Judge: Hon. Kandis A. Westmore<br>Trial Date:            None set |

On December 12, 2017, counsel for Plaintiffs Hilda Jones-Allen and George Allen and Defendants Marriott International, Inc. and Ashford TRS Sapphire II LLC dba Newark Residence Inn attended the initial Scheduling Conference with this Court. At said Conference, the Court recommended that the Parties continue to discuss discovery and case management and return for a second Scheduling Conference.

On March 5 and 6, counsel for the Parties met and conferred as required by Rule 26(f) and this Court's Order Setting Initial Case Management Conference and ADR Deadlines.

/ / /

/ / /

- 1 -
SECOND JOINT RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT
4:17-CV-05184-KAW

Counsel for the Parties to the above-entitled action jointly submit this second Joint Rule 26(f) Report and Case Management Statement and Proposed Order addressing each of the items listed in the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

Defendant Marriott International, Inc., ("Marriott") has been served and appeared in this action.

The instant action was removed to this Court in September 2017, based upon diversity jurisdiction. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which has been removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states and the matter in controversy as alleged by Plaintiff exceeds the sum of $75,000, exclusive of interest and costs.

Marriott denies that there is any basis for naming Marriott International, Inc., as the proper owner for this hotel is Ashford TRS Sapphire II LLC dba Newark Residence Inn. Plaintiff has just named Ashford as a Doe defendant and has served Ashford as well. Once Plaintiff verifies that Marriott is not a responsible party, Plaintiff will dismiss that defendant.

Complete diversity of citizenship exists. Plaintiff is a citizen of the State of California. Defendant Marriott was and is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Maryland. (Potential Defendant) Ashford TRS Sapphire II LLC was and is a limited liability company formed under the laws of the State of Delaware, having its principal place of business in the State of Texas. At this time, there are no other defendants that have been served with summons and complaint in this action.

Venue is appropriate before this Court pursuant to 28 U.S.C. section 1446(a) in that the removed action was filed in the Superior Court, State of California, County of Alameda. Additionally, the underlying incident occurred in the County of Alameda.

**2.   Facts**

Plaintiff Hilda Jones-Allen alleges that on August 8, 2015 she slipped and fell while walking across the lobby area while she was a guest at the Newark Residence Inn. Ms. Jones-Allen had been a long-term guest of the hotel. On the date in question, Ms. Jones-Allen claims that as she walked through the coffee and food area of the lobby, she slipped and fell on a wet floor onto her back, sustaining personal injuries. Plaintiff further claims that hotel management failed to warn of the condition of the floor.

Ms. Jones-Allen was 73 years old at the time of the accident and suffered from chronic neck, back and shoulder pain prior to the accident. She fell onto her buttocks and then onto her back and suffered the following personal injuries:

1. Low back injury consisting of a broad based bulges at L3-L4 and L4-L5 which impinge on the central spinal canal causing stenosis to 5 mm. As a result of this injury, Plaintiff has constant low back and tail bone pain. She also suffers from severe urinary incontinence as well as fecal urgency and occasional incontinence. Plaintiff had a prior history of incontinence. The accident made this condition constant and worse. She had no history of fecal incontinence.
2. Aggravation of pre-existing neck and mid back pain.

Plaintiff's treatment has been paid for by Medicare for which a lien has been asserted for $23,158.87

There is no claim for loss of income.

George Allen alleges a single claim for loss of consortium.

**3.   Legal Issues**

Plaintiffs' claims for relief against Ashford, as the owner and manager of the premises, are based on premises liability. She alleges that Ashford negligently caused the floor of the area in question to be wet and slippery and that Ashford failed to warn guests of this hazard. Based on the information made available at this time to Ashford, it expects that its legal defenses will focus on the issue that it had neither actual nor constructive notice of this allegedly dangerous hazard. Ashford also anticipates that the

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

open and obvious nature of this "wet and slippery" floor will also be an issue. Defendant also expects that the nature and extent of Plaintiff Hilda Jones-Allen's alleged injuries as well as the extent of Plaintiff George Allen's loss of consortium claim will be issues for this matter.

**4.　Motions**

Plaintiff does not expect to file any motions at this time.

At this time, Ashford anticipates filing a motion for summary judgment.

**5.　Amendment of Pleadings**

Plaintiff has amended her pleadings to name Ashford as Defendant Doe 1.

Ashford has not filed any affirmative pleadings with this Court.

**6.　Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.　Disclosures**

The Parties have agreed to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) by Monday, January 29, 2018.

**8.　Discovery**

To date, the Parties have propounded written discovery. The Parties have agreed that written discovery in the form of interrogatories, requests for admission, requests for document production, and the taking of depositions will be required in this matter. As Plaintiff Hilda Jones-Allen alleges significant personal injuries based on the incident in question, Ashford has also subpoenaed Ms. Jones-Allen's relevant medical records.

The Parties now submit the following proposed discovery plan:

A. Plaintiff's Anticipated Depositions:

　　i. Manager and/or person in charge of the hotel at the time of the accident;

　　ii. Hotel staff employed at Embassy Suites at the time of the accident.

B. Embassy Suites' Anticipated Depositions:

    i. Plaintiff Hilda Jones-Allen – Defendant anticipates taking Plaintiff's deposition early in the discovery process but has not yet had the opportunity to subpoena her medical records.

    ii. Plaintiff George Allen.

    iii. Plaintiff Hilda Jones-Allen's medical providers – At this stage, Plaintiff has disclosed her medical records, treating physicians, and her other medical professionals.

**9. Class Actions**

This matter is not a class action.

**10. Related Cases**

The parties are not aware of any related cases to this matter.

**11. Relief**

Plaintiff seeks damages for personal injuries including general damages and medical expenses in an amount according to proof.

Ashford seeks a dismissal of the Plaintiffs' Complaint against it.

**12. Settlement and ADR**

Pursuant to ADR Local Rule 3-5, the Parties have agreed to participate in an Early Neutral Evaluation. The Parties have also agreed to maintain a discussion to keep open the option to participate in private mediation.

**13. Consent to Magistrate Judge for all Purposes**

The Parties consent to the magistrate judge for all purposes.

**14. Other References**

This matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The issues may be narrowed by motion practice or by agreement of counsel.

///

### 16. **Expedited Trial Procedure**

Ashford believes that this case should not be handled under the Expedited Trial Procedure of General Order 64.

### 17. **Scheduling**

In addition to what is provided above, counsel for the Parties will be prepared to discuss this item at the upcoming Case Management Conference. As a starting point, the Parties propose the following schedule:

| | |
|---|---|
| Close of Fact Discovery | September 28, 2018 |
| Expert Disclosures | October 26, 2018 |
| Rebuttal Expert Disclosures | November 30, 2018 |
| Close of Expert Discovery | December 28, 2018 |
| Motions for Summary Judgment Due | January 25, 2019 |
| Hearing on Motions for Summary Judgment | February 22, 2019 |
| Exchange of Pretrial Disclosures | April 12, 2019 |
| Deadline to File Pretrial Conference Statement and Related Disclosures, Motions in Limine, and Trial Briefs and Related Documents | April 26, 2019 |
| Deadline to File Motions in Limine Oppositions | May 3, 2019 |
| Pretrial Conference | May ___, 2019 |
| Final Pretrial Conference | June ___, 2019 |
| Trial | June ___, 2019 (Duration: 5 days) |

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

**18. Trial**

The Parties request a five day jury trial.

**19. Disclosure of Non-party Interested Entities or Persons**

All Parties have completed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

**20. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

None.

LAW OFFICES OF RIVES & RIVES

DATED:  By: */s/ Ronald P. Rives*
Ronald P. Rives
Attorneys for Plaintiffs
HILDA JONES-ALLEN and GEORGE ALLEN

KLINEDINST PC

DATED:  By: */s/ Michael W. Carruth*
Ian A. Rambarran
Michael W. Carruth
Attorneys for Defendant
MARRIOTT INTERNATIONAL, INC.

**ATTESTATION**

In compliance with Federal Rule 5, Local Rule 5-1(i)(3), the filer of this document hereby attests that the concurrence to the filing of this document has been obtained from the other signatories thereto.

*/s/ Michael W. Carruth*_____

17212162v1

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814